GEORGE N. VANGEL vs. RUTH W. GRADY MARTIN.

No. 97-P-0126.

Worcester. March 5, 1998. - June 15, 1998.

Present: Kass, Jacobs, & Porada, JJ.

*Divorce and Separation,* Division of property, Default. *Jurisdiction,* Personal. *Probate Court,* Jurisdiction. *Rules of Domestic Relations Procedure.*

In a proceeding brought by a former husband in the Probate and Family Court for a division of marital assets, the record of the wife's participation in the proceedings for three years demonstrated a waiver of her asserted defense of lack of personal jurisdiction and the judge correctly denied her motion to dismiss the proceedings on that ground. [78-79]

In a proceeding brought under G. L. c. 208, § 34, the Probate Court judge's entry of a default judgment against the former wife for her failure, in response to a court order, to file an answer was inappropriate in the circumstances, and the matter was remanded for further consideration of the issues raised. [79-80]

COMPLAINT for division of marital assets filed in the Worcester Division of the Probate and Family Court Department on November 29, 1989.

A motion for default judgment and a motion to dismiss were heard by *John J. Moynihan,* J., and the case was heard by him.

*John W. Spillane* for the defendant.

*William Sullivan* for the plaintiff.

PORADA, J. The defendant appeals from a postdivorce judgment of the Probate Court dividing the marital assets of the parties and the denial of her motion for a new trial. Among her claims of error, the defendant alleges that the judge erred in denying her motion to dismiss based on lack of personal jurisdiction over her and in allowing the plaintiff's motion for a default judgment against her. We conclude the judge rightly denied the motion to dismiss but should not have defaulted the defendant. We vacate the judgment and remand the case for trial.

We summarize the procedural maze created by the parties. The defendant obtained a divorce from the plaintiff in the State of Florida on September 18, 1989. The Florida judgment did not provide for alimony or specify any division of the marital assets of the parties. On November 29, 1989, the plaintiff filed in the Probate Court of Worcester County, where he resided, a one-paragraph complaint requesting a division of the marital assets of the parties.[1] The complaint was labeled a "bill in equity." In response to the complaint, the defendant wrote a letter to plaintiff's counsel in Massachusetts, which document was subsequently filed in the Probate Court and docketed as the defendant's answer to the complaint.[2] The document did not allege lack of personal jurisdiction over the defendant. Subsequent to its filing, an attorney filed a general appearance for the defendant. Thereafter, both parties filed motions for temporary orders and engaged in discovery.

On December 7, 1992, the plaintiff filed a motion to amend his complaint by substituting for his one-paragraph complaint a detailed complaint in which he sought a division of marital assets under G. L. c. 208, § 34. The plaintiff served the motion to amend the complaint on counsel for the defendant. The defendant responded by filing an opposition to the motion to amend the complaint on the ground that the court lacked subject matter jurisdiction. The motion to amend the complaint was allowed on December 30, 1992, and defendant's counsel was served with a copy of the amended complaint. On March 3, 1993, the plaintiff filed a request for a default judgment based on the failure of the defendant to file a responsive pleading to the amended complaint. In response, the defendant filed a "special" appearance and an opposition to the request for default on the grounds of lack of subject matter jurisdiction, insufficient service of process, and (arguably) lack of personal jurisdiction. After a hearing, the judge ordered the defendant to file an answer to the amended complaint by June 26, 1993, or a default would enter.

On June 25, 1993, the defendant filed a motion to dismiss on several grounds, including lack of personal jurisdiction, and the plaintiff responded by renewing his motion for a default judg-

[1] At the time of the entry of the Florida judgment, the defendant owned a home in Florida in her own name and the parties owned real estate in Westminster as tenants by the entirety.

[2] The record does not disclose who filed the letter in the Probate Court.

ment. After a hearing on those motions, the judge ruled that the filing of a motion to dismiss did not comply with the court's order requiring the defendant to file an answer by June 26 and ordered that a default judgment issue on the amended complaint. On the same date, the judge filed a document labeled "equity judgment" in which he decreed that, upon the default of the defendant, a hearing would be held to divide the marital assets of the parties. From this "judgment" the defendant filed an appeal to a single justice of this court, who dismissed the appeal.

A judge of the Probate Court then held a hearing to divide the marital assets of the parties but barred the defendant's right to present any evidence because of the default. In the ensuing judgment, he allowed the defendant to retain the Florida real estate and personal property held in her own name but determined that the plaintiff was entitled to all of the proceeds resulting from the sale of the real estate in Westminster. From this judgment and the denial of her motion for a new trial, the defendant has filed this appeal.

We address the defendant's claims.

1. *Motion to dismiss.* The defendant claims that the Probate Court lacked jurisdiction to entertain a complaint for the division of marital assets under G. L. c. 208, § 34, because the court did not have personal jurisdiction over the defendant. Under G. L. c. 208, § 34, the Probate Court may divide the marital assets of the parties after the entry of a divorce judgment in this Commonwealth or another jurisdiction, provided it has personal jurisdiction over the parties at the time of the entry of judgment. Personal jurisdiction is a matter which can be waived. Mass.R.Dom.Rel.P. 12(h)(1) (1975). See and compare *Colley* v. *Benson, Young & Downs Ins. Agency, Inc.*, 42 Mass. App. Ct. 527, 533 (1997) (under Mass.R.Civ.P. 12[h][1], 365 Mass. 757 [1974], personal jurisdiction may be waived through nonassertion). For three years after the filing of the initial complaint in this action, the defendant participated in this litigation by filing an appearance, opposing numerous requests for temporary orders by the plaintiff, filing a motion for a temporary order, and conducting discovery. During this period she did not challenge the court's jurisdiction over her. She raised this defense for the first time in March, 1993, in opposition to the plaintiff's request for a default. Although the judge did not state his grounds for ordering the defendant to answer the complaint and his subsequent entry for defaulting the defendant, his ruling

constitutes a rejection of the defendant's argument that the court lacked personal jurisdiction over her and the defendant's motion to dismiss. There was no error.

When the plaintiff filed his motion to amend the complaint, changing its label from a bill in equity to a complaint under G. L. c. 208, § 34, and setting forth the necessary detail to bring the complaint in compliance with the pleading requirements of the Probate Court, this did not change the substance of the action. Regardless of its original label, the action was one for a division of marital assets. See *Cappello* v. *Cappello*, 23 Mass. App. Ct. 941, 942 n.1 (1986) (court could treat relief sought according to its obvious character rather than its label). Her participation in that litigation prior to the filing of the amended complaint and her dilatoriness in the assertion of a defense of lack of personal jurisdiction constituted a waiver of this defense. Compare *Colley* v. *Benson, Young & Downs Ins. Agency, Inc.*, 42 Mass. App. Ct. at 533. See *Precision Etchings & Findings, Inc.* v. *LGP Gem, Ltd.*, 953 F.2d 21, 25-26 (1st Cir. 1992) (the defense of lack of personal jurisdiction under cognate Fed.R.Civ.P. 12[h][1] may be waived by express submission, conduct, or failure to assert the defense). Contrary to the defendant's argument, all that was required for service of the amended complaint was service upon counsel of record. Mass. R.Dom.Rel.P. 5(a) (1975). The judge properly denied the motion to dismiss.

2. *Motion for default.* The plaintiff requested a default judgment when the defendant failed to file an answer in response to the court's order. As noted, we treat the plaintiff's amended complaint as one for relief under G. L. c. 208, § 34. The Massachusetts Rules of Domestic Relations Procedure do not provide for the entry of default judgments. Those rules are designed to govern "the procedure in the Probate and Family Court Department in all proceedings for divorce, separate support, and custody of minor children, annulment or affirmation of marriage, an action for spousal and/or child support, an action to determine paternity and/or support for a child born out of wedlock, modification thereof, contempt and abuse prevention as enumerated in General Laws, Chapters 207, 208, 209, 209A, 209C, 215 and 209D." Mass.R.Dom.Rel.P. 1, as amended (1995). Although there is no explicit reference within rule 1 to proceedings involving the assignment or division of marital assets, we conclude they are implicitly covered by the Domestic

Relations Procedure Rules because they are indeed proceedings arising out of a divorce and are included within the provisions of G. L. c. 208. See *Brash* v. *Brash*, 407 Mass. 101, 104 n.4 (1990); *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 368 & n.3 (1985) (in both cases implicit assumption that the Domestic Relations Procedure Rules apply to proceedings under G. L. c. 208, § 34). To rule otherwise would make little sense in light of the specific factors required to be determined by a judge in making an assignment or division of marital assets. Although we recognize that the absence of a rule providing for a default judgment does not necessarily deprive a Probate Court judge of this mechanism in order to achieve compliance with his authority, see *Imprescia* v. *Imprescia*, 392 Mass. 101, 104 n.3 (1984), we think a default was inappropriate in this case because the filing of an answer would not have narrowed the issues for trial and the trial judge had other sanctions open to him other than a default judgment. Accordingly, the judgment must be vacated and the matter set down for a hearing.

*So ordered.*