Donald Sarin *vs.* Neal Ochsner & another.[1]

No. 98-P-442.

Berkshire. November 17, 1999. - January 7, 2000.

Present: Jacobs, Dreben, & Beck, JJ.

*Judgment,* Relief from judgment. *Practice, Civil,* Judgment, Relief from judgment, Vacation of judgment, Standing. *Superior Court,* Jurisdiction. *Jurisdiction,* Superior Court, Personal.

Where, in a civil action, defendants appeared for two hearings on damages and filed motions seeking to disqualify counsel, to stay discovery, and to remove a default, a claim that the judgment in favor of the plaintiff was void for lack of personal jurisdiction was without merit. [422-423]

A plaintiff, a limited partner, had standing to bring an action against general partners of a firm asserting claims in which the plaintiff had a direct individual interest [423]; moreover, the issue of the plaintiff's standing could not properly be raised for the first time in a motion under Mass.R. Civ.P. 60(b) [423-424].

There was no merit to a claim of a defendant in a civil action that his asserted incapacity to comply with court orders (which had resulted in a default) warranted the allowance of a motion under Mass.R.Civ.P. 60(b), filed almost three years after entry of judgment, to vacate the judgment. [424-426]

There was no abuse of discretion in a judge's denial of a motion to vacate default judgment brought under Mass.R.Civ.P. 60(b)(6) that was untimely and that presented no extraordinary circumstances as would warrant relief. [426]

CIVIL ACTION commenced in the Superior Court Department on December 13, 1993.

A motion to vacate default judgment was heard by *Daniel A. Ford,* J.

*Dennis J. Kelly* for the defendants.

*Saul L. Benowitz* for the plaintiff.

Dreben, J. In December, 1993, the plaintiff, a limited partner of Royal Capital Partners, L.P., brought an action against the

---

[1]Royal Capital Financial Corporation.

general partners of the firm, Neal Ochsner and Royal Capital Corporation, a Delaware corporation,[2] alleging, among other matters, a breach of fiduciary duties, including a failure to give the plaintiff the accountings and the distributions to which he was entitled. Judgment entered for the plaintiff on January 13, 1995. By motion under Mass.R.Civ.P. 60(b)(4), or, in the alternative, under 60(b)(6),[3] 365 Mass. 829 (1974), filed on December 17, 1997, almost three years after the entry of judgment for the plaintiff, the defendants attacked the judgment as void because "the court from which it issue[d] lacked jurisdiction over the parties, lacked jurisdiction over the subject matter, [and] failed to provide due process of law." *Harris* v. *Sannella,* 400 Mass. 392, 395 (1987). We affirm the denial of the motion as none of these claims has merit.

The circumstances of the January, 1995 judgment were as follows. The defendants failed to comply with discovery orders, and subsequent to an order of the Superior Court informing them that a default would enter if they failed to obey the order within thirty days, a default entered pursuant to Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974). After hearings on damages at which the individual defendant twice personally appeared, judgment entered for the plaintiff. Although the defendants originally appealed the judgment, they did not pursue their appeal, and it was dismissed.

When the plaintiff learned that the individual defendant who previously had been considered judgment proof had recently acquired assets, he brought an action in New York on July 25, 1997, to enforce the 1995 judgment.[4] Thereafter the defendants filed the rule 60(b) motion to vacate that judgment.

1. *Personal jurisdiction.* The 1995 judgment is not void for want of personal jurisdiction. The defendants' active participa-

---

[2]Royal Capital Corporation was an original general partner with Neal Ochsner until Royal Capital Financial Corporation was substituted by the partnership as the sole general partner.

[3]Unlike rule 60(b)(6), where the decision to vacate is within the judge's discretion, relief under rule 60(b)(4) is required if the judgment is void. *Field* v. *Massachusetts Gen. Hosp.,* 393 Mass 117, 118 (1984).

[4]Prior thereto, on July 24, 1997, the plaintiff obtained a judgment bifurcating the earlier judgment so that he had an individual judgment against the individual defendant.

The parties have not argued, and we do not consider, the effect of the prior pending New York action in which Ochsner claimed in his answer that the 1995 Massachusetts judgment was not entitled to full faith and credit.

tion in the proceedings, albeit they alleged the defense of lack of personal jurisdiction in their answer, amounted to a waiver of that defense. See *Vangel* v. *Martin*, 45 Mass. App. Ct. 76, 78 (1998). Not only did the individual defendant appear for two hearings on damages, but the defendants filed motions seeking to disqualify counsel, to stay discovery, and to remove the default. The defense of lack of personal jurisdiction was not asserted in any of their motions or brought to the court's attention prior to the entry of the 1995 judgment.

2. *Subject matter jurisdiction.* The judgment is also not void for lack of subject matter jurisdiction. "In the interest of finality, the concept of void judgments is narrowly construed." *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455 (1991). "Only in the rare instance of a clear usurpation of power will a judgment be rendered void." *Ibid.*, quoting from *Harris* v. *Sannella*, 400 Mass. at 395, in turn quoting from *Lubben* v. *Selective Serv. Sys.*, 453 F.2d 645, 649 (1st Cir. 1972). See *O'Malley* v. *O'Malley*, 419 Mass. 377, 382 (1995); *Eastern Sav. Bank* v. *Salem*, 33 Mass. App. Ct. 140, 143 (1992).

The defendants claim that the action should have been a derivative one and that the plaintiff did not have standing to bring an individual action. As indicated in *Litman* v. *Prudential-Bache Properties, Inc.*, 611 A.2d 12, 15 (Del. 1992), cited by the defendants, "a shareholder may bring a direct action for injuries done to him in his individual capacity if he has an injury which is separate and distinct from that suffered by other shareholders." See *Reeve* v. *Folly Hill Ltd. Partnership*, 36 Mass. App. Ct. 90, 97 (1994). Here there were questions of the extent of Sarin's payment for his interest in the limited partnership which, the defendants alleged, bore on his right to discovery.[5] Thus there were at least some issues in which the plaintiff had a direct individual interest[6] and hence had standing.

More important, even if the plaintiff had no such direct interest, the defendants may not raise the issue of standing in a rule

---

[5]The general partners defended their admitted failure to provide the plaintiff, a limited partner, with any distributions or information concerning the financial status of the partnership on the basis that the plaintiff was in default under his investor's promissory note. In his order assessing damages against the defendants, the motion judge rejected this defense.

[6]Indeed, the defendants' motion under rule 60(b) only states that the court lacked jurisdiction "over the subject matter of *some* or all of the actions" because the plaintiff lacked standing (emphasis supplied).

60(b) motion. Whether the facts of a given case meet the standard for exercising jurisdiction — here whether the plaintiff has standing — has been termed a "quasi-jurisdictional" determination. *Lubben* v. *Selective Serv. Sys.*, 453 F.2d at 649. "These facts do not go to the subject matter of jurisdiction, 'but to a preliminary fact necessary to be proven to authorize the court to act.' " *Id.* at 649 n.14, quoting from *Noble* v. *Union River Logging R.R.*, 147 U.S. 165, 174 (1893). While such a quasi-jurisdictional determination can be challenged on *appeal*, unless it is "a clear usurpation of power," it is immune from attack under rule 60(b). *Id.* at 649.

Similarly, *Coalition of Black Leadership* v. *Cianci*, 570 F.2d 12, 15-16 (1st Cir. 1978), held that the consent decree entered in that case could not be challenged for lack of jurisdiction by a motion to vacate. If there was error in determining that there was a case or controversy on the ground that the plaintiff lacked standing, the error should have been corrected by appeal. *Swift & Co.* v. *United States*, 276 U.S. 311, 326 (1928). See *Walling* v. *Miller*, 138 F.2d 629, 632-633 (8th Cir. 1943), cert. denied, 321 U.S. 784 (1944), which, relying on *General Inv. Co.* v. *New York Cent. R.R.*, 271 U.S. 228, 230 (1926), reached the same result saying that when a question of standing is determined "tacitly or expressly," the judgment is one on the merits, is not void even if erroneous, and "is not subject to attack for such an error by motion to vacate." See generally Restatement (Second) of Judgments § 12 & introductory note to § 65 (1982).

The defendants' argument that the plaintiff lacks standing under G. L. c. 93A, § 9, may not be raised in this action for the same reason.

3. *Due process.* The defendants' due process argument based on a claim of incapacity due to Ochsner's depression, see *Gos* v. *Brownstein*, 403 Mass. 252, 256 (1988), likewise is without merit. Prior to 1997 no claim was made that Ochsner was suffering from such severe depression that he was unable to comply with the court's orders. He appeared at the hearings of December 21 and December 27, 1994, and made no claim of incapacity. Indeed, in his affidavit dated December 21, 1994, accompanying his motion to remove the default entered under Mass.R.Civ.P. 55(a), he asserted:

"6. These financial problems placed me under severe emotional and physical stress and compelled me to consult a physician who prescribed medication for me.

"7. I have recovered to some extent from the shock of these reverses and *am now in a position to respond to the* Court's orders." (Emphasis supplied.)

Rather than showing incapacity, the record supports the judge's express finding in 1995 that the "defendants have purposefully and fraudulently tried to conceal their activities from the plaintiff by failing to comply with the discovery order of this court and by failing to provide him with an annual audit" of the limited partnership.

Nothing in Ochsner's 1997 affidavit warrants the granting of his rule 60(b) motion. In alleging that he had been "unable to . . . comply with court orders" Ochsner also states that "[o]ver time, my depression subsided, and my wife and I returned to investment banking, forming Ochsner Consulting Group. Inc. ('OCG') in about October 1995." Thus, on his own account, Ochsner waited for two years prior to the filing of his rule 60(b) motion. The filing was clearly too late. See Restatement (Second) of Judgments § 72 comment c (1982). It was only after the plaintiff sought to reach his assets that Ochsner filed the motion.

Quite apart from the late filing, Ochsner does not meet the criteria set forth in § 72 of the Restatement, reproduced in the margin,[7] which, in certain circumstances, permits the setting aside of a judgment where a party was incapacitated and the op-

---

[7]The black letter of section 72 of the Restatement is as follows:

"§ 72. Judgment Against Incapacitated Party"

"Subject to the limitations stated in § 74, a judgment rendered in a contested action [the present action is considered a contested action, see introduction to § 65] may be avoided if:

"(1) The party was a minor, a person adjudicated as incompetent, or a person known by the party obtaining the judgment to be incapable of adequately maintaining or defending the action; and

"(2) The person was:

    (a) Represented by an appointed representative but the representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of facts making that failure apparent; or

    (b) Not represented by an appointed representative and the representation on behalf of the person was inadequate."

posing party was on notice of that condition. No such claim can be made here.

4. *Denial under Mass.R.Civ.P. 60(b)(6).* There was no abuse of discretion in the denial of the defendants' motion to vacate the default judgment pursuant to rule 60(b)(6). The motion, brought almost three years after the entry of judgment, was not brought within a reasonable time, see *Bromfield* v. *Commonwealth,* 400 Mass. 254, 258 (1987), and presented no "extraordinary circumstances" which would warrant relief. See *id.* at 257.

*Order denying motion to vacate judgment affirmed.*