Dougan, J.
This action arose out of a motor vehicle accident that occurred on December 13, 2002, between the plaintiff, Thomas Francis, and the defendant, Michael Dutcher. Dutcher hit Francis’s vehicle in the rear, causing injuries to Francis. Dutcher died on June 3, 2003. The complaint was not filed until almost two years after Dutcher’s death, on May 6, 2005.
A recitation of the complex procedural history of this matter is necessary to understanding the nature of this appeal.[1] On August 31, 2005, Dutcher filed a motion to dismiss the action based on lack of jurisdiction over the person and insufficiency of service of process. In support of the motion, Dutcher’s attorney attached a copy of Dutcher’s death certificate. The court denied Dutcher’s motion on September 29, 2005 and ordered Francis to perfect service on Dutcher’s insurer within sixty days.
On October 13, 2006, Francis filed a motion to compel Dutcher to respond to interrogatories and to a request for admissions. On October 19, 2006, both parties participated in a pre-trial conference and filed pre-trial memorandums. Dutcher’s memorandum stated that “ [1] lability is not at issue.” Rather, Dutcher was disputing “the nature, extent and causal relationship of the plaintiff’s alleged injuries, as well as the reasonableness and necessity of the treatment rendered therefore [sic].” In addition, Dutcher was disputing “the nature, extent and causal relationship of any alleged lost wages.” The court assigned a trial date of March 27, 2007 to the matter.
*142 On October 20, 2006, Dutcher’s counsel filed an opposition to Francis’s motion to compel discovery, asserting that Dutcher’s death precluded him from answering interrogatories or responding to requests for admissions. Dutcher also filed a general objection to Francis’s interrogatories based on the fact that Dutcher was deceased and unable to answer the questions. On November 2, 2006, the court held a hearing on Francis’s motion to compel. The court did not take any action on Francis’s motion to compel answers to interrogatories. Based on Dutcher’s failure to respond to the request for admissions, the court entered a finding against Dutcher as to liability only. The court further ruled that the assessment of damages was to be held on the day and time assigned for trial before a judge or a jury.
On March 15, 2007, Francis filed a motion to substitute the name of Safety Insurance Company, Dutcher’s insurer, as the real party in interest. Arguing that the insurer was not the proper party to be named as defendant, Dutcher opposed the motion. On March 22, 2007, the court denied Francis’s motion and also denied Francis’s motion to continue the March 27, 2007 court date.
On March 27, 2007, the parties appeared in court and when the case was called, the court conducted a trial on the issue of damages, which included testimony from Francis and the introduction of exhibits. Counsel for Dutcher filed requests for findings of fact and rulings of law, and the court responded to the requests. The court assessed damages for Francis in the amount of $120,504.90. On April 2, 2007, the clerk’s office issued a judgment after finding, which included interest of $148,118.68 and costs of $237.00.
On April 11, 2007, Dutcher filed a motion that was characterized as a motion to vacate the default judgment entered against him pursuant to Mass. R. Civ. R, Rule 60 (b) (4). Dutcher also filed a motion for new trial pursuant to Mass. R. Civ. R, Rule 59. The docket entry for November 2, 2006, however, indicates that the court entered a finding against Dutcher as to liability and not a default judgment. Francis opposed Dutcher’s motion to vacate the default judgment but did not point out that Dutcher’s motion inaccurately characterized the court’s ruling.
On June 21, 2007, the court allowed Dutcher’s motion to vacate the default judgment and for new trial, thereby vacating a default judgment that had never been entered. The court subsequently partially allowed Francis’s motion for reconsideration of the court’s allowance of Dutcher’s motion to vacate the default judgment. The court reinstated the judgment as to liability only.
It is significant that Dutcher never disputed liability in this action. Dutcher stated as much in his pre-trial memorandum, and his list of witnesses for the trial included Francis’s medical providers and the keepers of the records for both Safety Insurance Company and Arbella Mutual Insurance Company. That Dutcher challenged the finding of liability entered against him with a motion to vacate a default judgment pursuant to Mass. R. Civ. P., Rule 60(b) (4) temporarily obscured the fact that he never contested liability in the first place. The court’s allowance of Dutcher’s motion to vacate that default judgment, a judgment that had never been entered, was error. The court’s subsequent partial allowance of Francis’s motion for reconsideration and the reinstatement of the judgment as to liability did not *143 cure the earlier error of vacating a valid judgment and finding as to damages.[2]
The motion judge erred in reinstating the judgment as to liability only and not as to the damages award. Even though a full trial on the issue of damages had already taken place at that point, with neither side asldng for a jury to decide the issue of damages, a second trial on the issue of damages was still scheduled by the court to take place on September 10,2007. Francis filed a motion to strike the trial date. The court denied the motion, ruling that damages were to be assessed by a jury.
Francis appealed the denial of the motion to strike the trial date, and the docket sheet indicates that the appeal was entered in the Appellate Division on August 3, 2007. Dutcher cross-appealed on August 9, 2007. A subsequent entry on the docket sheet dated August 15, 2007 states the following: “Interlocutory appeal filed 08/03/07. Papers are in Appellate Division.” On August 24, 2007, the court allowed Dutcher’s motion to continue the trial date, and the case was continued to October 30, 2007. Francis appealed the allowance of that motion to the Appellate Division. Dutcher filed a motion to dismiss the appeal.
Francis failed to appear at the call of the trial on October 30,2007, which resulted in the court dismissing the action. Francis then filed a motion to correct the docket, asserting that the case could not have been on the trial list because of the appeal that had been entered in the Appellate Division. The court denied Francis’s motion, and Francis filed a notice of appeal of that denial.
On July 31,2008, the Appellate Division heard argument on the matter. In a memorandum of decision dated January 13, 2009, the panel remanded the matter for further briefing on certain issues identified in the memorandum. The parties were instructed to file briefs within forty days of the issuance of the decision. The matter then came before this panel of the Appellate Division, a different panel than first considered the case, on April 30, 2009.[3]
*144 Even though Francis’s decision not to appear for trial on October 30,2007 was not prudent, the case never should have reached that point because the parties already had a trial on the issue of damages. Francis’s filing of the appeal of the court’s denial of his motion to strike the trial date was sufficient to preserve his appellate rights as to the propriety of the court’s response to that motion. The trial judge erroneously denied Francis’s motion to strike the trial date. Allowance of that motion would have placed the matter completely back on track and would have provided Francis with a finding against Dutcher as to liability and a damages judgment in the amount of $120,504.90.
In sum, the court erred in allowing Dutcher’s motion to vacate the default judgment. A default judgment had never been entered and, in any event, Dutcher failed to satisfy the standard for allowance of a motion to set aside the judgment under Mass. R. Civ. R, Rule 60(b) (4). The court was correct to allow Francis’s motion for reconsideration of the allowance of Dutcher’s motion to vacate the default judgment and to reinstate the judgment as to liability in favor of Francis but it was error not to reinstate the damage award also. Because the court held a full trial on the issue of damages, with neither side asking for a jury to decide that issue, the court’s denial of Francis’s motion to strike the trial date is reversed. The motion is allowed, and the damages judgment for Francis in the amount of $ 120,504.90 is reinstated.

 In constructing the procedural history of this matter, the panel examined both the materials filed with the Appellate Division and the papers and motions filed with the clerk’s office during the litigation of this matter. In appeals taken pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C, the rules permit the panel to examine the entire record. See Dist./Mun. Cts. R.A.D.A., Rule 18(b) (“In designating parts of the record for inclusion in the appendix, the parties shall have regard for the fact that the entire record is always available to the Appellate Division for reference and examination and shall not engage in unnecessary designation.”).

 Moreover, setting aside the form of Dutcher’s motion and examining its substance, Dutcher made a motion to set aside the judgment because, in his view, the judgment was void under Mass. R. Civ. P., Rule 60(b) (4). Even under that standard, allowance of Dutcher’s motion was erroneous. ‘“In the interest of finality, the concept of void judgments is narrowly construed.’” Sarin v. Ochsner, 48 Mass. App. Ct. 421, 423 (2000) (quoting O’Dea v. J.A.L., Inc., 30 Mass. App. Ct 449, 455 (1991)). A judgment is void under Mass. R. Civ. R, Rule 60(b) (4), if the court that issued the judgment lacked jurisdiction over the parties or over the subject matter or failed to provide due process of law. Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct 527, 532 (1997). There was no issue of personal or subject matter jurisdiction in the case, and Dutcher’s admission of liability belies any argument that he was denied due process of law. Thus, Dutcher failed to satisfy the standard for allowing a motion under Mass. R. Civ. E, Rule 60(b) (4).

 Item 5 in the January 13, 2009 decision of the Appellate Division in this matter asked the parties to address “[wjhether the Court appropriately dismissed the plaintiff’s case on the trial date while an appeal was pending, or whether the plaintiff should have moved for a stay of proceedings prior to that day (instead of moving at a later time to correct the docket).” Because of the view that we take of the case, we need not address whether the dismissal of the case on the trial date was appropriate.