Wilkins, Douglas H., J.
Facing the expiration of the twenty-year presumptive limitations period for suit on a judgment, the plaintiff, Hampton Properties, LLC (“Hampton”) has brought this case against Ara Eres-ian, Jr. (“Eresian”) to “bring forward” an allegedly unpaid 1992 judgment for $500,000 against Eresian. Hampton has moved for summary judgment, which Eresian has opposed. After hearing on December 22, 2011, attended by both parties, the Plaintiffs Motion for Summary Judgment (“Motion”) is ALLOWED.
BACKGROUND
The undisputed facts, supported in the Rule 9A(b)(5) statement and not genuinely contested by Eresian, along with the reasonable inferences drawn in favor of Eresian as opposing party are as follows.
On July 24, 1990, the parties filed an Agreement For Judgment (“1990 Judgment”) in the amount of $500,000 in Fred A. Koza v. Ara Eresian, Jr., Worcester Superior Court No. 89-1942. The Judgment entered against Eresian individually and in his capacity as Trustee of King Realty Trust. There was no appeal.
On May 4, 2002, plaintiff Hampton Properties, LLC (“Hampton”) acquired the 1990 Judgment pursuant to an Assignment of Judgment executed by Fred A. Koza. As of that date, Eresian had made no payments toward the 1990 Judgment. Nor has he made any payments to Hampton since that time. Hampton remains the holder of the 1990 Judgment and is the proper party to enforce the 1990 Judgment.
Eresian’s claim that a procedural irregularity in the administration of Fred Koza’s 1993 Bankruptcy invalidates the assignment of the 1990 Judgment to Hampton was litigated by Eresian in the United States Bankruptcy Court, the Bankruptcy Appellate Panel for the First Circuit and the First Circuit Court of Appeals. In re Koza, U.S. Bkrptcy. Ct. (D.Mass.), Docket No. 93-40386 (September 7, 2006); Bkrptcy Panel (1st Cir.) No. 06-54 (September 11, 2007); 1st Cir. Docket No. 07-9005 (January 5, 2010).
Eresian lost at all levels of the federal system, except that he did not seek certiorari. Hampton filed a reach and apply action against Eresian in Worcester Superior Court. Hampton Properties, LLC v. Ara Eresian, Jr., No. WOCV2002-01148C (“Reach and Apply Action”). On December 27, 2002, the Court entered separate and final judgments entered on Counts I and IV of the complaint in the Reach and Apply Action. The issue of the validity of the assignment of the 1990 Judgment to Hampton and its enforceability against Eresian were litigated in the Reach and Apply Action and resolved adversely to Eresian.
The judgment on Count I in the Reach and Apply Action reached and applied Eresian’s interest in certain real property located at 9 Watson Avenue, Worcester, Massachusetts. Eresian’s interest in that property arose from his acquisition of the right of owner Richard E. Maki to seek to vacate a decree of the Land Court entered in a tax lien foreclosure proceeding. The Land Court decree had foreclosed Mr. Maki’s right to redeem the Watson Avenue Property. Hampton acquired the Watson Avenue Property at an auction of City-owned properties. After acquiring Mr. Maki’s residual rights, Eresian sought to intervene in the Land Court tax lien foreclosure proceeding for the purpose of vacating the decree of foreclosure. He drafted an affidavit for Mr. Maki’s signature, including a statement that the post office box in Sterling, Massachusetts to which the Land Court citation had been sent at the outset of the case was not Mr. Maki’s address and that Mr. Maki had never received notice of the proceeding.
Given the due process implications of this assertion and the significant investment that Hampton Properties had made in the Watson Avenue Property, Hampton had no choice but to take Mr. Maki’s affidavit seriously. Hampton intervened in the Land Court proceeding and engaged in substantial discovery to determine the veracity of Mr. Maki’s affidavit. Hampton subsequently filed an administrative claim against *417 Mr. Mato’s bankruptcy estate, which the Chapter 7 trustee elected not to contest.
Count IV in the Reach and Apply Action pertained to Eresian’s one-half interest in a Consumer Demand Note from Jonathan Piehl to Linda Walker (subsequently partly assigned to Eresian) in the original principal amount of $29,027.74. After Hampton acquired that interest, Mr. Piehl received a Bankruptcy discharge, making the Piehl Note unenforceable. Eres-ian admits that the Piehl Note is currently unenforceable under state law. Hampton received no payments as a result of its acquisition of Mr. Eresian’s interest in the Piehl Note.
Hampton has not received anything of monetary value from Eresian to apply to the 1990 Judgment, unless the items obtained through the Reach and Apply Action had or have monetary value. Hampton Properties asserts that these two interests subsequently became valueless, primarily due to actions of Eresian. Eresian asserts that Hampton has failed to prove that his interest in the Watson Avenue Property had sufficient value to meet the jurisdictional threshold of G.L.c. 214, §3(6) in the Reach and Apply Action. He further asserts that, due to that jurisdictional failure, he has been deprived of his property interests in the Watson Avenue Property without due process of law. In any event, Hampton has not received any funds or other credits as a result of reaching Eresian’s interest in the Watson Avenue Property.
With the 1990 Judgment still unsatisfied, Hampton brought this action on January 29, 2010, less than 20 years after entry of the 1990 Judgment.
DISCUSSION
On summary judgment, the moving party has the burden to demonstrate that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Foley v. Boston Hous. Auth., 407 Mass. 640, 643 (1990). The movant may meet this burden by showing that the plaintiff has no reasonable expectation of producing evidence on a necessary element of her case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party meets the burden, the opposing party must advance specific facts which establish a genuine dispute of material fact. Id.
In this case, as discussed below, Hampton has met its initial burden. The burden then shifts to Eresian, who has denied a number of proposed undisputed facts and has advanced his own version of additional facts. The court must therefore determine whether any of the disputed facts are “material” and whether any dispute is “genuine” within the meaning of Mass.R.Civ.P. 56.
In ruling on a summary judgment motion “the existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case . . . The substantive law will identify whether a fact, in the context of the case, is material.” Hogan v. Riemer, 35 Mass.App.Ct. 360, 364 (1993) (citations omitted). A dispute is “genuine” if the evidence would permit a reasonable fact finder to resolve the point in favor of the opposing party. See Mulvihill v. The Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).
An action to bring forward ajudgment arises under G.L.c. 235, §19, which provides in relevant part:
If ajudgment remains unsatisfied after the expiration of the time for taking out execution thereon, the creditor may obtain a new execution by motion to the court in which such unsatisfied judgment was rendered, or he may at any time after the judgment, subject to section twenty of chapter two-hundred and sixty, bring a civil action.
The statute cited in §19, namely G.L.c. 260, §20, provides: “[a] judgment or decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered.” Hampton filed this action about one-half year before the 20-year period in §20 ran. A fair reading of §20 is that the presumption of payment does not apply to an action brought before the twentieth anniversary of the judgment. In any event, the presumption is rebuttable (Brown v. Greenlaw, 330 Mass. 88 (1953)), and as shown below, Hampton has rebutted it. Therefore, the only questions under §19 are: (1) is there ajudgment; (2) is the plaintiff a “creditor” — in this case by reason of an assignment; and (3) is the judgment unsatisfied?
There is ajudgment. The 1990 judgment was entered by agreement of the parties. Eresian questions the validity of the judgment, primarily by claiming that the second amended complaint was never filed or served. As an initial matter, the record makes clear that Eresian and his attorney received the second amended complaint; no further formal service was required by operation of Mass.R.Civ.P. 5(a), which provides that “every pleading subsequent to the original complaint” shall be served in the manner provided in Mass.R.Civ.P. 5(b), which contemplates service by mail or delivery and not through the more formal methods set forth in Mass.R.Civ.P. 4. Moreover, if there was no effective second amended complaint, there was a first amended complaint. The only reasonable construction of the docket and record in the original action is that judgment entered on whatever complaint was in effect at the time.
Even those points are academic. The only material facts on the first issue are that the 1990 Judgment was entered by agreement and was not appealed.[1] Both the agreement and the failure to appeal waived any procedural or substantive objections that Eresian might have had to entry of judgment. See Sarin v. Ochsner, 48 Mass.App.Ct. 421, 424 (2000). The disputes and additional facts advanced by Eresian do not *418 concern any “material facts”; nor do they raise any genuine issue.
Hampton is the appropriate “creditor” to bring suit under G.L.c. 235, §19. It has shown that it received a timely assignment from the original judgment creditor, Fred A. Koza on May 14, 2002. That was prior to Mr. Koza’s bankruptcy. Nothing more need be shown. Nevertheless, Hampton has shown that Mr. Eresiaris attempts to call this into question was vigorously litigated in the United States Bankruptcy Court in Boston and at all available levels of appeal short of the United States Supreme Court. Mr. Eresian was a party to the bankruptcy litigation; he had the incentive to litigate the issue vigorously, which he certainly did; and the issue of the validity of the assignment was the same there as here; the courts resolved the issue against him in a final judgment. The adverse judgment against Mr. Eresian in that litigation precludes his attack on the assignment in this case under the doctrine of issue preclusion. See, e.g. Kobrin v. Board of Registration in Medicine, 444 Mass. 837, 843 (2005); Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass.App.Ct. 453, 456-57 (2006).[2]
Finally, Hampton has shown that, oh the undisputed facts, the 1990 Judgment remains unsatisfied. Eresian admits that he has not made payments on the judgment. Hampton states that it has not received anything with actual monetary value to apply toward the judgment. Eresian contests this. However, he also asserts that the value of the assets at issue in the 1992 Reach and Apply Action did not meet the jurisdictional amount for Superior Court jurisdiction, which is $25,000. Eresian Affidavit, ¶¶48-49. He also claims non-compliance with G.L.c. 214, §3(6) in the Reach and Apply action.
The challenge to the Reach and Apply action comes too late for the same reasons that Eresian’s challenge to the 1990 Judgment is too late. He raises it in the wrong forum as well. Most fundamentally, any challenge to the Reach and Apply action is irrelevant. Whatever issue preclusive effect that action has upon the validity of the 1990 Judgment merely duplicates the effect of the 1990 Judgment itself and the bankruptcy adjudications. For liability purposes, Eresian’s arguments about the Reach and Apply action are not “material” and any dispute of facts is not “genuine.”
The question remains whether Eresian should receive any credit against the $500,000 judgment on account of the interests that were reached and applied in the Reach and Apply Action. That is a question of damages, not liability. Under G.L.c. 214, §3(6), the Superior Court has jurisdiction to reach and apply an interest of a debtor that “is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court.” Hampton argues that the Superior Court’s jurisdiction in the Reach and Apply action did not depend upon the assets subsequently proving to have value. The plain language of §3(6) supports that proposition.
That begs the question of whether Hampton has established the value of the interests awarded to Hampton in the Reach and Apply Action for summary judgment purposes. It does not appear that the values of the two interests taken by Hampton were ascertained in the Reach and Apply Action. Hampton claims, with affidavit support, that the interests are worthless because realizing any value upon Eresian’s interest in the Watson Avenue property depends upon factual allegations that are not true and because Piehl discharged his note in bankruptcy. While Eresian’s affidavit disputes the value of at least the Watson Avenue property, it claims — more importantly — that Hampton acquired neither Eresian’s interest in the Piehl Note nor his interest in the Watson Avenue property. See Eresian Response to Paragraph No. 20 of Hampton’s Statement of Material Undisputed Facts, citing id. at 111 1 and Affidavit of Eresian, ¶¶23-30 and additional facts at ¶11. The parties thus dispute a number of facts regarding these two assets. The one thing they do not dispute is the key issue for damages purposes. Hampton has not received any payment. That undisputed fact is the ultimate and determinative one, which makes it unnecessary to resolve the disputed subsidiary facts.
Against entry of summary judgment Eresian asserts his due process rights, but cannot show any deprivation of rights that might trigger the due process clause for several reasons. In the absence of a (1) deprivation of liberty or property and (2) a lack of available remedies still open to him, Eresian has no due process claim. See Temple v. Marlborough District Court, 395 Mass. 117, 122, 126 (1985). His argument fails on both points.
Eresian has already received the full process due him in the Reach and Apply Action. Moreover, he loses none of his interests or arguments regarding the two disputed assets if judgment enters in this case. What postjudgment remedies he may have relating to the two assets in the Reach and Apply Action remain intact. Should he wish to do what he has not done to date, he may still pursue his claim that Hampton never acquired any interest in the two assets and potentially reclaim the assets that Hampton views as worthless. Likewise, if Hampton retains those assets and someday realizes some payment toward the 1990 Judgment or the judgment that enters as a result of this decision, Eresian still has a remedy, he may receive full credit toward payment of the judgment debt at that time. In the meantime, there are no genuine disputes of material fact, and Hampton is entitled to summary judgment as a matter of law in the full amount of the 1990 Judgment plus interest.
CONCLUSION
For the above reasons, the Plaintiffs Motion for Summary Judgment is ALLOWED. Final judgment *419 shall enter in the amount of $500,000 with interest at the statutory rate from July 24, 1990.

Eresian claims that lie could still bring a motion to vacate the judgment as void under Mass.R.Civ.P. 60(b)(4), which has no specific time limit. However, Rule 60(b) does require that such a motion be brought “within a reasonable time." The Court has no difficulty concluding that 20 years after the entry of judgment, after litigation of a reach and apply action based upon the judgment, given Eresian’s full knowledge of the facts upon which he now relies is about as far from a “reasonable time” as one can imagine. See Sarin v. Ochsner, 48 Mass.App.Ct. 421, 426 (2000) (almost three years after judgment was too late). Eresian has advanced no facts to support his contention on summary judgment that the 1990 Judgment was void, particularly where he had notice of that lawsuit, appeared through counsel and agreed to the judgment, which was plainly within the jurisdiction of the Superior Court to resolve a suit on commercial paper. See O'Malley v. O'Malley, 419 Mass. 377 (1995) (judgment is void if the court lacked personal or subject matter jurisdiction or failed to provide due process of law); Sarin, 48 Mass.App.Ct. at 423-25 (Rule 60(b)(4) did not allow relief where the defendant’s active participation in the proceedings waived personal jurisdiction claim). Eresian’s Rule 60(b) argument raises no “material” issues, nor does it create any “genuine” issue of fact.

Hampton is also correct that the 1990 Judgment itself has preclusive effect on the issue of its own validity. That provides yet a third reason for rejecting Eresian’s challenge to the validity of the judgment.