468 Mass. 109 (2014)                                  109

American International Insurance Company *v.* Robert Seuffer GmbH & Co. KG.

# AMERICAN INTERNATIONAL INSURANCE COMPANY[1] *vs.* ROBERT SEUFFER GMBH & Co. KG.

Middlesex. January 7, 2014. - May 14, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Jurisdiction,* Personal. *Practice, Civil,* Affirmative defense, Waiver, Retroactivity of judicial holding. *Waiver. Retroactivity of Judicial Holding.*

This court concluded that, in a civil action, where a party raises the defense of lack of personal jurisdiction in a responsive pleading, the party's subsequent conduct may in some circumstances result in a forfeiture of that defense; further, the inquiry whether a party has forfeited that defense is fact sensitive, requiring a thorough assessment of the parties' conduct throughout the litigation, which may include factors such as the amount of time that has elapsed and the changed procedural posture of the case in the period between the initial and subsequent assertion of the defense, the extent to which the party engaged in discovery on the merits, and whether the party engaged in substantive pretrial motion practice or otherwise actively participated in the litigation. [113-120]

This court declined to disturb the presumptively retroactive application of a new interpretation of a rule of civil procedure, where the interpretation affirmed, rather than contradicted, extant Massachusetts case law, and where no undue hardship would result from such retroactive application in the instant case. [120-122]

CIVIL ACTION commenced in the Superior Court Department on December 16, 2009.

A motion for summary judgment was heard by *Douglas H. Wilkins,* J.

A proceeding for interlocutory review was heard in the Appeals Court by *Judd J. Carhart,* J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court granted an application for direct appellate review.

*Patricia E. Antezana,* of Pennsylvania (*Meghan M. Sullivan* with her) for the defendant.

*John E. O'Brien, Jr.,* for the plaintiff.

[1]As subrogee of David Croll.

LENK, J. The question before us is whether a party may be deemed to have forfeited by its conduct the defense of lack of personal jurisdiction despite having timely asserted that defense in a responsive pleading pursuant to Mass. R. Civ. P. 12 (h) (1), as appearing in 450 Mass. 1403 (2008). American International Insurance Company (AIIC) filed a complaint in the Superior Court against Robert Seuffer GmbH & Co. KG (Seuffer), alleging various theories of products liability. In its answer, Seuffer raised the defense of a lack of personal jurisdiction, but did not move to dismiss the case on that basis. See Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974). Instead, it pursued litigation on the merits for over eighteen months before filing a motion for summary judgment that was predicated largely on the jurisdictional defense. A Superior Court judge denied the motion, ruling both that while Seuffer did not have the minimum contacts with Massachusetts necessary for personal jurisdiction, its conduct amounted to a waiver[2] of the defense, and that genuine issues of material fact existed as to the merits which precluded the entry of summary judgment. Seuffer appeals from that order.

We conclude that, where a party raises the defense of lack of personal jurisdiction in a responsive pleading, the party's subsequent conduct may in some circumstances result in a forfeiture of that defense. The determination whether a party's conduct will cause it to forfeit the right to contest the court's jurisdiction is fact specific and must be made on a case-by-case

---

[2]The plaintiff and the motion judge employed the term "waiver" as well as the term "forfeiture." Where a party fails to raise a jurisdictional defense, it properly may be said to have waived that defense. However, "[w]here a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate." *Hamilton* v. *Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999), cert. denied, 530 U.S. 1244 (2000) (defendant who raised defense of lack of personal jurisdiction in answer, litigated case on merits for four years, then raised motion to dismiss on same grounds had forfeited that defense by virtue of his conduct). See *King* v. *Taylor*, 694 F.3d 650, 658 & n.3 (6th Cir. 2012), cert. denied, 133 S. Ct. 1473 (2013) (defendant who raises affirmative defense in answer "may forfeit the right to seek a ruling on that defense at a later juncture through his conduct"). Because Robert Seuffer GmbH & Co. KG (Seuffer), like the defendant in *Hamilton* v. *Atlas Turner, Inc.*, *supra*, raised the jurisdictional defense in its answer but is purported to have acquiesced to the court's jurisdiction via its subsequent conduct, we use the term forfeiture rather than waiver in our analysis.

468 Mass. 109 (2014)                                      111

American International Insurance Company *v.* Robert Seuffer GmbH & Co. KG.

basis. Although extant Massachusetts case law had not squarely addressed the point, the weight of precedent fairly put Seuffer on notice that merely asserting the jurisdictional defense in its answer, without more, might be insufficient to preserve the defense. Moreover, as the motion judge did not err in determining that Seuffer's conduct reasonably could be deemed to merit the consequence of forfeiture, the denial of Seuffer's motion for summary judgment is affirmed.

1. *Background.* This case arose from claims for damages to a valuable painting owned by AIIC's insured, David Croll. On June 11, 2008, the painting, affixed to a wall in Croll's residence by two "Floreat" picture hangers[3] manufactured by Seuffer, fell from the wall, causing the canvas to tear. Seuffer, a privately owned German company, had sold the picture hangers to Ziabicki Import Company, Inc. (Ziabicki), which in turn had sold them to Croll.

AIIC, as subrogee of Croll, filed suit against Seuffer and Ziabicki on December 16, 2009, alleging negligence, breach of the implied warranty of merchantability and fitness, and a violation of G. L. c. 93A.[4] Under a Superior Court tracking order dated December 16, 2009,[5] the suit was designated as "F Track," requiring that any motions filed pursuant to Mass. R. Civ. P. 12, 365 Mass. 754 (1974), be submitted by May 15, 2010. On January 20, 2010, Ziabicki answered the complaint and filed a cross claim against Seuffer. On March 24, 2010, in its first pleading, Seuffer answered the complaint. Seuffer asserted lack of personal jurisdiction as an affirmative defense and, in the opening paragraph of the answer, stated that it was "specially appearing and specifically reserving the right to contest this Court's personal jurisdiction over [it]." On June 28, 2010, Seuffer

---

[3]The "Floreat" hanger consists of a nail that secures a hanging device to a wall. Here, the nail component of the two devices snapped.

[4]Specifically, AIIC alleged that the nails involved in the Floreat hangers were defectively designed because Seuffer used an insufficient quality control test, and that the nails were defectively manufactured, making them excessively hard. Seuffer contests these allegations but took no position as to the cause of the breakage.

[5]Standing Order 1-88 of the Superior Court, Mass. Ann. Laws Court Rules, at 1108 (LexisNexis 2013-2014), effective March 1, 2007, established time standards applicable to civil actions filed in the Superior Court.

answered Ziabicki's cross claim and filed a cross claim against Ziabicki. In that pleading, Seuffer stated that it was incorporating all the affirmative defenses in its answer to AIIC's complaint, but did not otherwise mention a special appearance or explicitly set forth lack of personal jurisdiction as an affirmative defense.

The parties subsequently engaged in discovery as to the merits.[6] On March 30, 2010, Seuffer served AIIC with interrogatories and document requests; on August 23, 2010, Seuffer responded to AIIC's interrogatories. On December 2, 2010, Seuffer served Ziabicki with interrogatories and document requests. It also took the depositions of four people: Croll; John L'Huillier, the president of Ziabicki; Jim Wright, the restorer who repaired the painting; and Matthew Sontag, AIIC's insurance claims adjuster. The deposition of L'Huillier included questions designed to elicit information about any contacts Seuffer may have had with Massachusetts. Additionally, Seuffer joined Ziabicki's request to inspect the subject nails and picture hangers, and subsequently conducted an inspection with Ziabicki. On August 5, 2011, Seuffer filed an emergency motion to compel inspection of the Croll residence, which was granted.

Twenty months after filing its answer to the complaint, Seuffer filed a motion for summary judgment against AIIC based on lack of personal jurisdiction, and, in the alternative, on the merits. In denying the motion, the judge determined that, while the court lacked personal jurisdiction over Seuffer, Seuffer had nonetheless waived this defense by litigating the merits of the case and thereby submitting to the jurisdiction of the court. The judge also ruled that the existence of genuine issues of material fact otherwise precluded entry of summary judgment. Seuffer timely filed a petition for interlocutory relief pursuant to G. L. c. 231, § 118, and a single justice of the Appeals Court granted Seuffer leave to file an interlocutory appeal. The case was entered

---

[6]The parties filed three joint motions to extend the tracking order. The first was filed on September 22, 2010, the second on February 3, 2011, and the third on May 18, 2011. None of these motions sought or resulted in an extension of the deadline established by the tracking order to file motions pursuant to Mass. R. Civ. P. 12, 365 Mass. 754 (1974).

in the Appeals Court on January 31, 2013, and we granted AIIC's petition for direct appellate review.

2. *Discussion.* a. *Standard of review.* We review the disposition of a motion for summary judgment de novo, *Miller* v. *Cotter*, 448 Mass. 671, 676 (2007), to determine whether all material facts have been established such that the moving party is entitled to judgment as a matter of law.[7] See *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991), citing Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). We construe "all facts in favor of the nonmoving party," *Miller* v. *Cotter*, *supra*, citing *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, *supra*, and we may consider any grounds that support the motion judge's ruling. *Foster* v. *Group Health Inc.*, 444 Mass. 668, 672 (2005), citing *Hawthorne's, Inc.* v. *Warrenton Realty, Inc.*, 414 Mass. 200, 210 n.6 (1993).

b. *Constructive waiver or forfeiture under rule 12.* The two provisions of rule 12 pivotal to our analysis are rule 12 (b), which concerns how a party properly may assert an affirmative defense, and rule 12 (h) (1), which outlines when certain of those defenses may be deemed waived. Rule 12 (b) states that

> "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) Lack of jurisdiction over the person."

In turn, rule 12 (h) (1) provides:

> "A defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion [to dismiss], or (B) if it is neither made by motion under this rule nor included

---

[7]Although Seuffer submits that we should review the motion judge's order for an abuse of discretion, we have applied the de novo standard to dispositions of motions for summary judgment when such motions are before us on an interlocutory appeal. See, e.g., *Hopper* v. *Callahan*, 408 Mass. 621, 623-624 (1990) (party sought interlocutory appeal from denial of its motion for summary judgment; on direct appellate review, court examined summary judgment record de novo); *Fortenbacher* v. *Commonwealth*, 72 Mass. App. Ct. 82, 85 (2008) (reviewing de novo Commonwealth's interlocutory appeal from denial of its motion for summary judgment).

in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."[8]

The parties dispute whether, given the quoted language, conducting litigation on the merits for over eighteen months after having asserted a lack of personal jurisdiction in an answer, without filing a motion to dismiss, may result in the forfeiture of such a defense.[9] Seuffer maintains that the plain language of rules 12 (b) and 12 (h) (1), read together, permits a party to raise and preserve a defense predicated on lack of personal jurisdiction either by bringing a rule 12 (b) (2) motion or, as was done here, by asserting it as an affirmative defense in a responsive pleading. On this view, a party who has raised a defense of lack of personal jurisdiction in either a motion or in a responsive pleading has done all it need do to preserve that defense. Because the defense "is waived . . . if it is neither

[8] While a defense predicated on the lack of personal jurisdiction may be waived pursuant to rule 12 (h) (1), as appearing in 450 Mass. 1403 (2008), a defense of lack of subject matter jurisdiction is not waivable. Pursuant to rule 12 (h) (3), 365 Mass. 754 (1974), "[w]henever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[9] We assume without deciding that a defendant who has asserted the lack of personal jurisdiction as a defense in a responsive pleading subsequently may file a motion to dismiss on that ground pursuant to rule 12 (b) (2). This is so even though rule 12 (b) notes that "[a] motion making any of [the enumerated defenses in rule 12 (b) (1)-(10)] shall be made before pleading if a further pleading is permitted." Although this language could be read to bar a defendant who raises an affirmative defense in its answer from filing a motion to dismiss on that ground, State and Federal courts have interpreted the above provision as applying only when a defendant opts, in the first instance, to assert an affirmative defense in a motion to dismiss. See *Hamilton* v. *Atlas Turner, Inc.*, 197 F.3d 58, 60, 61, 62 (2d Cir. 1999) (court assumed defendant asserting personal jurisdiction defense in answer, pursuing litigation for four years, then filing motion to dismiss on same grounds was not barred from filing that motion); *Yeldell* v. *Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (implying that defendants asserting personal jurisdiction defense in answer could raise that issue in motion to dismiss); *Raposo* v. *Evans*, 71 Mass. App. Ct. 379, 382 (2008) (impliedly assuming defendant who raised rule 12 [b] affirmative defense in answer subsequently could file motion to dismiss on same grounds). See also 5B C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1351, at 272 (2004) (party is required to file motion to dismiss before pleading only if party elects to raise personal jurisdiction defense by motion rather than in answer); Reporters' Notes to Rule 12, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 192 (LexisNexis 2013-2014) (same).

made by motion under this rule nor included in a responsive pleading," Seuffer contends that, conversely, it is *not* waived if raised in either a motion or a pleading.

AIIC, however, interprets rule 12 (h) (1) to mean that a party who initially raises the lack of personal jurisdiction as an affirmative defense in its answer may nevertheless forfeit the defense by virtue of that party's subsequent conduct. In other words, failure to raise the defense in a motion or responsive pleading would ensure its forfeiture, but inclusion of the defense in such a pleading might not ensure its preservation. Under this reading, while the affirmative defense concerning lack of personal jurisdiction "is waived" if not asserted in a motion to dismiss or in the answer, it also may be forfeited if raised in a pleading but not pursued subsequently, either by a defendant's active participation in litigation or as a result of the defendant's dilatory conduct.

The Appeals Court implicitly has adopted AIIC's interpretation of rule 12 (h) (1) in other factual contexts, suggesting that a party may, by virtue of its conduct, forfeit all waivable affirmative defenses previously asserted in a defensive pleading, including the defense of lack of personal jurisdiction. See *Lamarche* v. *Lussier*, 65 Mass. App. Ct. 887, 889, 890 (2006), citing *Precision Etchings & Findings, Inc.* v. *LGP Gem, Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992) (personal jurisdiction defense waivable by "conduct, express submission, or extended inaction," with threshold question being whether defendant brought defense to attention of court before actively participating in further court proceedings); *Sarin* v. *Ochsner*, 48 Mass. App. Ct. 421, 422-423 (2000) (personal jurisdiction defense waived, despite its assertion in answer, where defendant did not actively pursue defense until almost three years after default judgment entered for plaintiff). See also J.W. Smith & H.B. Zobel, Rules Practice § 12.9, at 204 (2d ed. 2006) (party who raises defense in answer but "actively participates in the proceedings and does not in some way bring the issue to the court's attention constructively abandons" defense). Cf. *Jones* v. *Boykan*, 79 Mass. App. Ct. 464, 466-467 (2011), *S.C.*, 464 Mass. 285 (2013) ("prevailing interpretation" of rule 12 requires party to raise any affirmative defense within reasonable time and prior to litigation on merits

to avoid waiver); *Vangel* v. *Martin*, 45 Mass. App. Ct. 76, 78-79 (1998) (waiver where party who did not allege personal jurisdiction defense in answer actively litigated case, then raised defense for first time three years after initial complaint).

Those Federal courts to have considered the issue have concluded likewise. Under Rule 12 of the Federal Rules of Civil Procedure, upon which the Massachusetts rule is modeled, see *Raposo* v. *Evans*, 71 Mass. App. Ct. 379, 383 (2008); Reporters' Notes to Rule 12, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 192 (LexisNexis 2013-2014), alleging lack of personal jurisdiction in a responsive pleading does not "preserve the defense in perpetuity." *Burton* v. *Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985). See *Plunkett* v. *Valhalla Inv. Servs., Inc.*, 409 F. Supp. 2d 39, 41 (D. Mass. 2006). Indeed, Fed. R. Civ. P. 12(h) "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell* v. *Tutt*, 913 F.2d 533, 539 (8th Cir. 1990), quoting *Marquest Med. Prods., Inc.* v. *EMDE Corp.*, 496 F. Supp. 1242, 1245 n.1 (D. Colo. 1980). See *Gerber* v. *Riordan*, 649 F.3d 514, 519 (6th Cir. 2011); *Hamilton* v. *Atlas Turner, Inc.*, 197 F.3d 58, 60-62 (2d Cir. 1999), cert. denied, 530 U.S. 1244 (2000). See also *Continental Bank, N.A.* v. *Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993), quoting *Trustees of Cent. Laborers' Welfare Fund* v. *Lowery*, 924 F.2d 731, 732 (7th Cir. 1991) ("privileged defenses" in rule 12[h][1] waivable by conduct); *Marcial Ucin, S.A.* v. *SS Galicia*, 723 F.2d 994, 996 (1st Cir. 1983), quoting *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) (failure seasonably to assert personal jurisdiction defense or submission to jurisdiction through conduct may result in forfeiture). "[W]e interpret our rule[] consistently with the construction given [its] Federal counterpart[], . . . absent compelling reasons to the contrary or significant differences in content." *Strom* v. *American Honda Motor Co.*, 423 Mass. 330, 335 (1996), quoting *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 800 (1987), and *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 180 (1975).

The Federal interpretation recognizes that the defense of lack of personal jurisdiction, unlike certain other affirmative defenses enumerated in rule 12 (b), is a potentially dispositive procedural defect. See, e.g., *Cognex Corp.* v. *Lemelson Med., Educ. &*

*Research Found.,* 67 F. Supp. 2d 5, 9 (D. Mass. 1999) (where court lacked personal jurisdiction over defendant, it was "unnecessary to address the remaining issues raised in [the defendant's] motion to dismiss"). Whereas improper venue, insufficient service of process, the misnomer of a party, and the failure to join a party, inter alia, may be cured, no party can remedy the absence of minimum contacts[10] or manufacture jurisdiction where it does not lie. For this reason, it is particularly desirable to resolve a defect in personal jurisdiction prior to engaging in substantive litigation. Where a party intends to rely upon its lack of minimum contacts with the forum State to avoid liability, fairness to the other litigants and to the court dictates that it seek to resolve the matter expeditiously, insofar as is feasible.[11] See *Raposo* v. *Evans, supra* at 386, quoting *Burton* v. *Northern Dutchess Hosp., supra* at 481 ("a prompt motion to dismiss would have saved all parties and the court the expense of years of discovery, pre-trial conferences and motions relating to discovery and to the merits of the complaint"). Foreclosing the possibility of forfeiture following the assertion of the defense in its answer, irrespective of subsequent conduct,

[10]Personal jurisdiction is further distinguished from other rule 12 defenses in that it has constitutional dimensions emanating from the due process clause of the Fifth Amendment to the United States Constitution, *Insurance Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701-702 (1982), and its cognate provision in the Massachusetts Declaration of Rights, *Bulldog Investors Gen. Partnership* v. *Secretary of the Commonwealth,* 457 Mass. 210, 217 (2010), quoting *Tatro* v. *Manor Care, Inc.,* 416 Mass. 763, 772 (1994). However, like certain other affirmative defenses contemplated by rule 12 (b), "the requirement of personal jurisdiction . . . can . . . be waived." *Insurance Corp. of Ireland* v. *Compagnie des Bauxites de Guinee, supra* at 703. See Reporters' Notes to Rule 12, *supra* at 192 ("Each of the defects covered by Rule 12 [b][2]-[5] and [8]" is waivable).

[11]The facts of this case illustrate the consequences of delay in the resolution of a party's personal jurisdiction defense. Because of Seuffer's nearly two-year delay in filing a motion to dismiss for lack of personal jurisdiction, were Seuffer to have prevailed thereafter in its motion for summary judgment, all statutes of limitation applicable to AIIC's claims would likely have run. AIIC would thereby have been precluded from filing suit in Wisconsin, an alternative jurisdiction where Seuffer's minimum contacts might well be sufficient. Given that the dispute involves events that occurred in Massachusetts, Wisconsin would presumably apply Massachusetts statutes of limitation. See Wis. Stat. § 893.07 (2013). A party's dilatory conduct as to its jurisdictional defense, therefore, functionally may bar an opposing party from availing itself of any legal forum.

would permit a party to keep the defense of lack of personal jurisdiction in its back pocket, even while engaging in conduct signaling that it is submitting to the court's jurisdiction.

Given the "substantial time, expense, and effort" of litigation, *Raposo* v. *Evans, supra* at 385, parties who seriously contest the court's jurisdiction ordinarily have little incentive to delay a determination whether minimum contacts exist. However, where a party does seek "to obtain the very delay which Rule 12 was designed to prevent," *Marcial Ucin, S.A.* v. *SS Galicia, supra* at 997, foreclosing the possibility of forfeiture even where a party "failed to channel [its] efforts" in service of its jurisdictional defense would permit that party to "gamble[] that it could raise the personal jurisdiction issue on the eve of trial, in case a trial occurred." *Hamilton* v. *Atlas Turner, Inc., supra* at 62. Imposing upon a defendant who claims that a forum lacks personal juris-diction over it the obligation reasonably to press the point fairly puts the court and the other litigants on notice that the issue is contested and should be resolved, thereby promoting judicial economy and efficiency. See *Lamarche* v. *Lussier, supra* at 890 ("defendant brought the jurisdictional defense to the attention of the court before further proceedings had gotten underway").

This approach accords with the fundamental purpose of the Massachusetts Rules of Civil Procedure to ensure "the just, speedy and inexpensive determination of every action," see Mass. R. Civ. P. 1, as amended, 450 Mass. 1403 (2008); *Gilmore* v. *Gilmore*, 369 Mass. 598, 602 (1976), and furthers the broad goals of rule 12. See Reporters' Notes to Rule 12, *supra* at 192 (rule 12 [h] [1] seeks to "conserve judicial time by preventing a defendant from serially raising objections which the plaintiff might well be able to meet"). See also J.W. Smith & H.B Zo-bel, Rules Practice § 12.22, at 221 (2d ed. 2006). Permitting conduct-based forfeiture even where a party has alleged the lack of personal jurisdiction in its answer promotes, in particular, the purpose of rule 12 (h), namely, "the avoidance of time-consuming, piece-meal litigation of pre-trial motions." 5C C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1391, at 506 (3d ed. 2004), quoting *Tiernan* v. *Dunn*, 295 F. Supp. 1253, 1256 (D.R.I. 1969). See *Yeldell* v. *Tutt, supra* at 539 (rule

12 seeks "to expedite and simplify proceedings in the [courts]" [citation omitted]).

Accordingly, we conclude that raising the absence of personal jurisdiction as a defense in a responsive pleading may not alone suffice to preserve that defense. If a party alleges a lack of personal jurisdiction in an answer and then fails timely to pursue the defense, a forfeiture of that defense may result. See *Sarin* v. *Ochsner*, 48 Mass. App. Ct. 421, 422-423 (2000) ("defendants' active participation in the proceedings, albeit they alleged the defense of lack of personal jurisdiction in their answer, amounted to a waiver of that defense"); *Yeldell* v. *Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (discussing defense of lack of personal jurisdiction and noting that waiver may occur where defendants' "conduct in delaying consideration of [personal jurisdiction] manifests an intent to submit to the court's jurisdiction"). Parties who opt to raise such a defense in a responsive pleading may ensure its preservation by moving to dismiss pursuant to rule 12 (b) (2) "within a reasonable time, prior to substantially participating in discovery and litigating the merits of the case." *Raposo* v. *Evans*, *supra* at 385. To hold otherwise "would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action." *Broadcast Music, Inc.* v. *M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987).

The inquiry whether a party has forfeited a defense predicated on a lack of personal jurisdiction necessarily will be fact sensitive, requiring a thorough assessment of the parties' conduct throughout the litigation.[12] Factors that could be relevant to

___

[12]Upon a defendant's motion to dismiss for lack of personal jurisdiction pursuant to rule 12 (b) (2), the plaintiff bears the burden of demonstrating the existence of minimum contacts. See, e.g., *Lamarche* v. *Lussier*, 65 Mass. App. Ct. 887, 893 (2006), citing *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978). In that regard, discovery may be necessary "to assist [the court] in determining jurisdictional facts." 5B A.R. Miller & M.K. Kane, Federal Practice and Procedure § 1351 (3d ed. 2004). See, e.g., *Segal* v. *First Psychiatric Planners, Inc.*, 68 Mass. App. Ct. 709, 717 n.2 (2007) (Meade, J., dissenting), citing *Valentin* v. *Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (District Court judge "enjoys broad authority to order discovery, to consider matters outside the pleadings, and to hold an evidentiary hearing on the question of jurisdiction"). Cf. Mass. R. Civ. P. 12 (d), as amended, 451 Mass. 1401 (2008) (motion judge has discretion to delay determination of rule 12 [b] [2] motion until trial).

such an inquiry may include the amount of time that has elapsed, as well as the changed procedural posture of the case, in the period between the party's initial and subsequent assertion of the defense; the extent to which the party engaged in discovery on the merits; and whether the party engaged in substantive pretrial motion practice or otherwise actively participated in the litigation. See *Sarin* v. *Ochsner, supra* at 422-423 (defendant who raised personal jurisdiction defense in answer, "active[ly] participat[ed] in the proceedings," and did not reassert defense until almost three years after default judgment for plaintiffs waived defense); *Vangel* v. *Martin*, 45 Mass. App. Ct. 76, 78-79 (1998) (defendant who did not assert personal jurisdiction defense until three years after initial complaint, and who actively participated in discovery on merits, waived defense). See also *Hamilton* v. *Atlas Turner, Inc.*, 197 F.3d 58, 61-62 (2d Cir. 1999) (defendant who asserted personal jurisdiction defense in answer, participated in "[c]onsiderable pretrial activity," and did not reassert defense until four years after answer forfeited defense); *Yeldell* v. *Tutt, supra* at 539 (defendant who asserted personal jurisdiction defense in answer, subsequently participated in motion practice and discovery, and did not reassert defense until appeal waived defense).

c. *Retroactive application.* Ordinarily, our holdings "appl[y] to past as well as to subsequent transactions or occurrences." See *Schrottman* v. *Barnicle*, 386 Mass. 627, 631 (1982); *Tucker* v. *Badoian*, 376 Mass. 907, 918 (1978) (Kaplan, J., concurring in the result). Nonetheless, "[i]t is sometimes necessary to depart from the general rule of retroactivity, in order to protect the reasonable expectations of parties." *Shirley Wayside Ltd. Partnership* v. *Board of Appeals of Shirley*, 461 Mass. 469, 480-481 (2012), quoting *Schrottman* v. *Barnicle, supra.* When a decision "announces . . . 'a new interpretation of a State statute,' " as ours does here in construing a rule of civil procedure, "we are . . . free to determine whether [a holding] should be applied only prospectively." *Eaton* v. *Federal Nat'l Mtge. Ass'n*, 462 Mass. 569, 588 (2012), quoting *Commonwealth* v. *Dagley*, 442 Mass. 713, 721 n.10 (2004), cert. denied, 544 U.S. 930 (2005). In making this determination, we consider the

extent to which a decision creates a novel rule, whether retroactive application will serve the purposes of that rule, and whether hardship or inequity would result from retroactive application. *Shapiro* v. *Worcester*, 464 Mass. 261, 268 (2013), quoting *Keller* v. *O'Brien*, 425 Mass. 774, 782 (1997).

Here, there is no reason to disturb the presumptively retroactive application of the interpretation of rule 12 (h) (1) we announce today. Seuffer contends that where the language of rule 12 (h) (1), standing alone or when read in conjunction with rule 12 (b), admits of multiple interpretations, it was not unreasonable for litigants to have concluded prior to our decision today that raising a jurisdictional defense in a responsive pleading would suffice to preserve it. We acknowledge that it is possible to read rule 12 (h) (1) so as to permit a party, after alleging a defense of the lack of personal jurisdiction in its answer, to participate in litigation on the merits without risking the subsequent forfeiture of that defense.

However, as discussed *supra*, the Appeals Court has added an appreciable gloss to the text of rule 12 (h) (1), suggesting that a party's conduct may serve to indicate its intent to submit to the jurisdiction of the court, even when that party raised a defense of a lack of personal jurisdiction in its answer. See, e.g., *Lamarche* v. *Lussier*, 65 Mass. App. Ct. 887, 889, 890 (2006); *Sarin* v. *Ochsner*, *supra* at 422-423. Although the Appeals Court cases addressing the question dealt with facts somewhat distinct from those at issue here, we cannot say that those cases did not put Seuffer on notice that the Commonwealth had recognized the possibility of forfeiture in the context of rule 12 (h) (1). We have applied our holdings prospectively primarily where the rule announced marks a substantial departure from prior precedent. See, e.g., *Shapiro* v. *Worcester*, *supra* at 269 (prospective application appropriate where party could not have been expected "to divine . . . a dramatic shift in our decisional law"); *Keller* v. *O'Brien*, *supra* at 781 n.16 (prospective application appropriate where party "could not have known that we would change the law that had been applied for almost a century"). That is not so here, given that our holding today affirms, rather than contradicts, extant Massachusetts case law

concerning the forfeiture of a defense of a lack of personal jurisdiction.[13]

Nor can we say that undue hardship would result from the retroactive application of our decision to Seuffer. Seuffer rightly notes that, in at least one deposition, counsel inquired as to contacts Seuffer had with Massachusetts. Over the course of nearly two years after it raised the defense of a lack of personal jurisdiction in its answer, however, Seuffer initiated motions to extend the discovery schedule, filed a motion to compel the inspection of the Croll residence, joined in a request to inspect the Floreat picture hangers, and served Ziabicki with inter-rogatories and document requests.

Given this degree of active participation in the litigation, the judge did not err in concluding that Seuffer had caused both AIIC and the court to have a reasonable expectation that it would defend the suit on the merits. In the circumstances, Seuffer's reliance on its plausible but hardly unassailable interpretation of rule 12 (h) (1) is not dispositive, and we discern no error in the judge's denial of Seuffer's motion for summary judgment.

*Judgment affirmed.*

---

[13]For this reason, we invite the standing advisory committee on the rules of civil procedure to consider clarifying the text of rule 12 (h) (1) to reflect our decision today.