Maximo Valdez purchased residential property in 2006, obtaining loans from and granting two mortgages to Lehman Brothers Bank (Lehman). Valdez fell behind on his payments by 2010. Lehman, through its designated nominee, Mortgage Electronic Registration Systems, Inc. (MERS), assigned the first mortgage to Aurora Loan Services, LLC (Aurora), which commenced the foreclosure process in 2010. The foreclosure auction took place in September, 2011; Aurora was the high bidder. Aurora then assigned its bid to the Federal National Mortgage Association (Fannie Mae), which commenced the present summary process action in December, 2011, in the Boston Housing Court against the defendants, Valdez and his family residing in the property (collectively, Valdez).
In May, 2013, while the summary process action was pending, Valdez commenced a separate action in the Superior Court generally asserting that the 2011 foreclosure was invalid. A Superior Court judge allowed Fannie Mae's motion to dismiss, and judgment entered in June, 2014. A panel of this court affirmed in an unpublished memorandum and order issued under our rule 1:28. Valdez v. Federal Natl. Mort. Assn., 89 Mass. App. Ct. 1129 (2016) (Valdez I ).
In December, 2015, more than one year after judgment entered in Valdez I, a Housing Court judge entered judgment in this summary process action awarding possession to Fannie Mae. We affirm, but on grounds different from those upon which the Housing Court judge relied. See American Intl. Ins. Co. v. Robert Seuffer GmbH & Co. KG, 468 Mass. 109, 113 (2014) ("[W]e may consider any grounds that support the motion judge's ruling").
Res judicata, or more generally claim preclusion, bars a party from relitigating claims that were or could have been adjudicated in earlier proceedings. Santos v. U.S. Bank Natl. Assn., 89 Mass. App. Ct. 687, 692 (2016) (Santos ). "This is based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit. The invocation of claim preclusion requires three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits. It is the general rule that when two different actions involving the same parties and the same claim are pending at the same time, the final judgment first rendered is entitled to res judicata effect in the second action, regardless of which was commenced first." Ibid. (citation and quotation omitted).
In the present case, the elements of claim preclusion are met, and Valdez's present claims are barred. First, with certain exceptions not material here, the parties in Valdez I are the same as those in the present matter.[3] Second, the claims presented in the two matters arise out of "the same transaction or series of connected transactions." TLT Constr. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1, 8 (1999), quoting from Saint Louis v. Baystate Med. Center, Inc., 30 Mass. App. Ct. 393, 399 (1991). In Valdez I, Valdez claimed that the foreclosure was invalid because the mortgagee did not comply with the mortgage's terms and conditions and with the requirements set forth in G. L. c. 244. Likewise, in the present matter Valdez suggests that Fannie Mae's foreclosure title is void, and hence that it failed to demonstrate superior title, because the mortgagee did not comply with the mortgage's terms and conditions and with G. L. c. 244's requirements. Although Valdez did not explicitly raise a claim in Valdez I that the mortgagee did not strictly comply with paragraph 22 of the mortgage, that omission does not change the analysis because the facts upon which Valdez's present claims are based are identical to those at issue in Valdez I; the claims arise from the same transaction, that is, from the 2011 foreclosure and attendant circumstances; and all claims presently asserted actually were or could have been litigated in Valdez I. Valdez does not argue otherwise.
Third, the earlier-entered Valdez I judgment constitutes a final judgment on the merits. See Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996). Accordingly, Valdez's present claims are barred by the Valdez I judgment. See Santos, supra at 692-696.
In this light we need not comment on Valdez's specific claims of error.
Judgment affirmed.

MERS, Aurora, and Harmon Law Offices PC, all defendants in Valdez I, were not parties to the summary process action.