SUPERIOR COURT 
 
 REBECCA WETTEMAN v. NUCLEUS RESEARCH, INC. AND IAN CAMPBELL, DEFENDANTS, AND NUCLEUS HOLDING LLC, REACH AND APPLY DEFENDANT

 
 Docket:
 1984CV03334-BLS2
 
 
 Dates:
 February 16, 2022
 
 
 Present:
 Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM AND ORDER ALLOWING PLAINTIFF’S MOTION TO AMEND COMPLAINT
 
 

             Rebecca Wetteman seeks leave to amend her complaint in order to: (1) expand her claim for unpaid ownership distributions to cover the period 2000 to 2015, in addition to the years 2016 to 2019 that are already at issue; (2) add claims against Nucleus Research, LLC, on theories of fraudulent transfer of the business of Nucleus Research, Inc., and successor liability; (3) add a claim for unjust enrichment as an alternative to her claim for breach of contract; (4) add factual allegations to support her claim for breach of fiduciary duty; and (5) supplement her reach-and-apply claim with additional factual allegations. Defendants oppose certain aspects of the proposed amendment.
            A motion to amend a complaint “should be allowed unless some good reason appears for denying it.” Afarian v. Massachusetts Elec. Co., 449 Mass. 257, 269 (2007), quoting Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977). There is no good reason to bar Ms. Wetteman from filing her proposed amended complaint. The Court will therefore allow the motion to amend.
            1. Claim for 2000 to 2015 Profits. Though the additional claim for profit sharing prior to 2016 seeks damages based on injury that allegedly occurred more than three years before Ms. Wetteman filed this action, this claim would not be futile because it would survive a motion to dismiss on the ground that it is time- barred. See generally Johnston v. Box, 453 Mass. 569, 583 (2009) (“Courts are not required to grant motions to amend prior [pleadings] where ‘the proposed amendment ... is futile.’ ” (quoting All Seasons Servs., Inc. v. Commissioner of Health & Hosps. of Boston, 416 Mass. 269, 272 (1993)); Mancuso v. Kinchla,
 
                                                            -1-
 
60 Mass. App. Ct. 558, 572 (2004) (if amendment to add claim could not survive motion to dismiss, allowing amendment would be exercise in futility).[1]
            The three-year limitations period is tolled where, as Wetteman alleges, a fiduciary has concealed a possible cause of action against it. A limitations period is tolled so long as a defendant fraudulently conceals its wrongdoing. See generally Hays v. Ellrich, 471 Mass. 592, 601–602 (2015); G.L. c. 260, § 12. “Where a fiduciary relationship exists,” as is alleged in this case, “the failure adequately to disclose the facts that would give rise to knowledge of a cause of action constitutes fraudulent conduct and is equivalent to fraudulent concealment.” Id. at 602, quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 519 (1997). That is because a fiduciary has an affirmative duty to disclose adequate information to alert the person to whom the duty is owed of any wrongdoing by the fiduciary. See Patsos v. First Albany Corp., 433 Mass. 323, 329 (2001).
            Thus, where the defendant is accused of breaching a fiduciary duty, the statute of limitations is tolled until the plaintiff “has ‘actual knowledge’ that she has been injured by the fiduciary’s conduct.” Hays, 471 Mass. at 602, quoting Doe v. Harbor Schools, Inc., 446 Mass. 245, 254–255 (2006).[2] “Mere suspicion or mere knowledge that the fiduciary has acted improperly does not amount to actual knowledge that the plaintiff has suffered harm” as a result of the fiduciary’s breach of duty. Harbor Schools, 446 Mass. at 255.
            Defendants’ argument that Ms. Wetteman “could have been fully informed” if she had agreed to become a corporate officer misses the point. Assuming that
 
-------------------------------------
 
[1] To survive a motion to dismiss under Rule 12(b)(6), and thus to avoid being futile under Rule 15, a complaint must allege facts that, if true, would “plausibly suggest[] … an entitlement to  relief.”  Lopez  v.  Commonwealth,  463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). For the purpose of deciding the pending motions to dismiss, the Court must assume that the factual allegations in the complaint and any reasonable inferences that may be drawn in Plaintiffs’ favor from the facts alleged are true. See Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011).
 
[2] The Supreme Judicial Court sometimes calls this the “repudiation of trust doctrine,” which is just another way of saying that a cause of action against a fiduciary does not accrue until the party owed a fiduciary duty has actual knowledge that the fiduciary has repudiated or violated the trust placed in him or her as a fiduciary. See Demoulas, 424 Mass. at 517–519.
 
                                                            -2-
 
the facts alleged in the complaint are true, Defendants had a fiduciary duty to disclose any claim against them, did not do so, and as a result the statutory limitations period was tolled.
            2. Personal Jurisdiction over Nucleus Research, LLC. The Court concludes that it may properly exercise personal jurisdiction over Nucleus Research, LLC. The Court accepts Defendants’ representations that NRLLC is a Florida entity, has its principal office in Florida, and has no contacts of its own with Massachusetts. Nonetheless, the facts alleged in the amended complaint (which are not challenged by NRLLC or the current Defendants) show that NRLLC is subject to personal jurisdiction in Massachusetts as the successor to Nucleus Research, Inc.
            When a defendant or potential defendant asserts that it is not subject to personal jurisdiction in the forum, the plaintiff bears the “burden of proving facts sufficient to establish” that the court may exercise jurisdiction over the defendant. Bulldog Inv'rs Gen. P'ship v. Secretary of the Commonwealth, 457 Mass. 210, 219 (2010); accord, e.g., American Int'l Ins. Co. v. Robert Seuffer GMBH & Co. KG, 468 Mass. 109, 120 n.12 (2014) (“burden of demonstrating the existence of minimum contacts”).
            But here, since Defendants and Nucleus Research LLC do not dispute the jurisdictional facts alleged in the proposed amended complaint, the Court may accept those facts and Wetteman’s burden is only one of production, not persuasion. Cepeda v. Kass, 62 Mass. App. Ct. 732, 737–738 (2004); see also Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709 (2004) (same as to “facial attack” on subject matter jurisdiction based on factual allegations in complaint).
            It is undisputed that the Court may exercise jurisdiction over the current defendant Nucleus Research, Inc. The claims against NRI arise from its transaction of business in Massachusetts, and it had ample contacts with Massachusetts.
            And the facts alleged in the proposed amended complaint plausibly suggest that Ian Campbell transferred the business and assets of NRI to Nucleus Research LLC in an attempt to avoid NRI’s debt to Wetteman.
            When one corporation acquires the assets of another, “the liabilities of a selling predecessor corporation are not imposed upon the successor corporation which purchases its assets, unless (1) the successor expressly or impliedly
 
                                                            -3-
 
assumes liability of the predecessor, (2) the transaction is a de facto merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor.” Guzman v. MRM/Elgin, 409 Mass. 563, 566 (1991).
            The facts alleged in the proposed amended complaint plausibly suggest that NRLLC is liable to pay the amounts owed by NRI under a “de facto merger,” “mere continuation,” or fraudulent transfer theory of successor liability. See generally Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 557-558 (2008) (summarizing factors characterizing de facto mergers and mere continuations).
            Under these circumstances, NRI’s personal contacts with Massachusetts are imputed to NRLLC, and provide an adequate basis to exercise personal jurisdiction over the successor entity. “A corporation’s contacts with a forum may be imputed to its successor if forum law would hold the successor liable for the actions of its predecessor.” Hetronic Int’l, Inc. v. Hetronic Germany GmbH, 10 F.4th 1016, 1028 (10th Cir. 2021), quoting Williams v. Bowman Livestock Eqpt. Co., 927 F.2d 1128, 1132 (10th Cir. 1991); accord, e.g., Jeffrey v. Rapid American Corp., 448 Mich. 178, 198 (1995); Rodríguez-Miranda v. Benin, 829 F.3d 29, 45 (1st Cir. 2016); City of Richmond v. Madison Mgmt. Group, 918 F.2d 438, 454 (4th Cir. 1990); Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 653 (5th Cir. 2002); Duris v. Erato Shipping, Inc., 684 F.2d 352, 356 (6th Cir. 1982); Minnesota Min. & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985); Doucet v. FCA US LLC, civil action no. 19-cv-10514-ADB, 2020 WL 128655, at *3 (D.Mass. January 10, 2020) (Burroughs, D.J.). “The theory … is that, because the two corporations … are the same entity” for the purposes of imposing liability, “the jurisdictional contacts of one are the jurisdictional contacts of the other” for the purposes of determining whether a court may exercise personal jurisdiction over the successor entity. Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 586 (5th Cir. 2010), quoting Patin, 294 F.3d at 653.
            If this were not so, “the owners of the property could merely transfer legal ownership of the assets from one shell corporation to another in a different jurisdiction, putting a party whose initial suit satisfied the jurisdictional requirements to the immense burden of chasing the involved assets from courtroom to courtroom.” Rodríguez-Miranda, 829 F.3d at 45, quoting Minnesota Min. & Mfg., 757 F.2d at 1263. “Imputing the contacts of a predecessor corporation to its successor prevents mischief that might occur if corporations
 
                                                            -4-
 
and other entities were able to shirk liability by switching names.” Ostrem v. Prideco Secure Loan Fund, LP, 841 N.W.2d 882, 897 (Iowa 2014).
            3. Alleged Prejudice. Finally, Defendants argue that the proposed amendment would be unfair in two ways. Neither argument is convincing.
            First, Defendants complain that Wetteman’s amended complaint would drop her prior allegation that the sought to offer return-on-investment consulting services to clients. But a plaintiff is entitled to amend their complaint “at any time” to conform to the evidence. See Mass. R. Civ. P. 15(b). Only prejudice in the sense of “an inability by the opposing party to prepare an adequate case or defense” would justify denying leave to amend a complaint in this manner. See Reilly v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 410, 415, rev. denied, 412 Mass. 1105 (1992).
            Second, Defendants complain that Wetteman could have asserted her claim for unjust enrichment when she first filed her complaint. But Defendants have not shown they will suffer any unfair prejudice if that claim is added now. The Court will therefore allow the amendment. See Vakil v. Vakil, 450 Mass. 411, 418- 420 (2008) (reversing denial of motion to amend answer because delay did not unfairly prejudice opposing party).
ORDER
            Plaintiff’s motion to amend and supplement her complaint is allowed.
 
/s/Kenneth W. Salinger Justice of the Superior Court
 
February 16, 2022
 
                                                            -5-
 
xxz